UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID GORDON CANTRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>ADMINISTRATIVE SUBDIVISION, *et al.*,<br><br>    Defendants. | Case No. C07-5272 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**September 28, 2007** |

    This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Prior to service of Plaintiff's Complaint, in which he purports to sue "Administrative Subdivision" and the State of Washington pursuant to 42 U.S.C. § 1983, the undersigned ordered Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim. (Dkt. # 9). On the same day, Plaintiff filed a motion for fraud upon the court. (Dkt. # 8). Plaintiff has since filed several documents which the Court has reviewed and considered as responses to the order to show cause. (Dkt. # 10-14). The undersigned recommends that this action be dismissed with prejudice and that such dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

REPORT AND RECOMMENDATION - 1

**I. DISCUSSION**

On July 30, 2007, Plaintiff was granted leave to proceed *in forma pauperis* (Dkt. # 6), and the Clerk filed Plaintiff's Complaint. (Dkt. # 7). The Court reviewed Plaintiff's Complaint prior to service and found it to be insufficient because it did not allege facts sufficient to state a claim under 42 U.S.C. § 1983. (Dkt. # 9).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, state agencies are not "persons" within the meaning of 42 U.S.C. § 1983, and therefore they are not amenable to suit under that statute. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1725 (S. Ct. 1725 (2005) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. at 70).

Plaintiff names only "Administrative Subdivision" and "Washington State," but his complaint is devoid of any explanation of who the "Administrative Subdivision" is or how the named defendants have harmed him. Plaintiff was advised that he must set forth facts describing when and where and by whom he was deprived of a constitutional right. (Dkt. # 9). Plaintiff was told that his complaint must include factual allegations describing how each individual caused or personally participated in causing him the harm that he claims he suffered. (*Id*.). Plaintiff was also advised that he must allege facts showing how individually named defendants caused or personally

REPORT AND RECOMMENDATION - 2

participated in causing the harm alleged in the complaint.

In addition, the Court noted that Plaintiff seeks the immediate issuance of a writ and release from "illegal imprisonment." When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*.

Accordingly, Plaintiff was ordered to show cause why his complaint should not be dismissed and to submit a response to the Court by August 31, 2007. (Dkt. # 9). Plaintiff has submitted several documents. (Dkt. # 8, 10-14). However, none of Plaintiff's submissions address the issues raised in the Court's order to show cause.

Dkt. # 8 filed by Plaintiff on July 30, 2007 is a form 28 U.S.C. § 2255 motion "checklist" upon which Plaintiff has written "Prevailing Party Petitioner vs. Fraud Upon the Court RCW # 10.101.040." Plaintiff's document is filled with cites to several state and federal statutes, numbers with no meaningful reference or context and nonsensical statements such as "violations of U.S. Constitutional provisions extortion that prevention of criminal acts provisional contract terms - claimed GR # 14 - the criminal act of black mail sited posted noted . . . ".

Dkt. # 10 filed by Plaintiff on August 7, 2007 is the Court's Notice of Electronic Filing of the Order to Show Cause. On it Plaintiff has written "Requested Order of Indigence" and attached another "Writ of Habeas Corpus Checklist" and Civil Cover Sheet, containing statements similar to those Plaintiff included in Dkt. # 8. The Court is unable to decipher the information included in this

REPORT AND RECOMMENDATION - 3

1 filing.

2 Dkt. # 11 filed by Plaintiff on August 13, 2007 is an In Forma Pauperis Application
3 Checklist, upon which Plaintiff has again listed nonsensical statements which fail to state a claim
4 under 42 U.S.C. § 1983.

5 Dkt. # 12 filed by Plaintiff on August 16, 2007 is a Detainer Resolution Request Pursuant to
6 RCW 9.98.010 form from the State of Washington, in which Plaintiff requests the King County
7 Prosecuting Attorney to resolve two assault cases against him.

8 Dkt. # 13 filed by Plaintiff on August 17, 2007 are two first pages of a Civil Rights
9 Complaint form upon which Plaintiff has written nonsensical statements such as "ex-party court
10 indictments RCW #4.12.000 rendering criminal assistance . . . extortion black mail . . . felony
11 criminal indictments . . . corruption - harassment - vandelism [sic] - defamation of character."

12 Dkt. # 14 filed by Plaintiff on August 28, 2007 is addressed to the Court Clerk of the "Ex-
13 Party Felony Criminal Court" and request legal forms to institute charges against the defendants.

14 Nowhere in the documents submitted by Plaintiff does he state a claim cognizable under 42
15 U.S.C. § 1983.  Plaintiff has not named a proper defendant, nor does he allege when and where and
16 by whom he was deprived of a constitutional right.  Plaintiff was advised by the Court that his
17 complaint must include factual allegations describing how each individual caused or personally
18 participated in causing him the harm that he claims he suffered.  (Dkt. # 9).  Plaintiff was also
19 advised that he must allege facts showing how individually named defendants caused or personally
20 participated in causing the harm alleged in the complaint.  (*Id*.).  It is impossible to discern any
21 actual defendants who could be served in this matter from the documents submitted by Plaintiff, let
22 alone what factual allegations are being alleged against them.

23 Plaintiff has also failed to address the Court's query of whether he is challenging the fact or
24 duration of his physical imprisonment.

## II. CONCLUSION

27 Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983.  The action

28 REPORT AND RECOMMENDATION - 4

1  should be **dismissed without prejudice**, and the dismissal counted as a strike pursuant to 28 U.S.C.

2  1915 (g).  A proposed order accompanies this report and recommendation.

3  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

4  the parties shall have ten (10) days from service of this Report and Recommendation to file written

5  objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

6  objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time

7  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September**

8  **28, 2007**, as noted in the caption.

10  DATED this  5th  day of September, 2007.

14  Karen L. Strombom
United States Magistrate Judge

28  REPORT AND RECOMMENDATION - 5