UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID GORDON CANTRELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADMINISTRATIVE SUBDIVISION, *et al.,*<br><br>　　　　Defendants. | Case No. C07-5272RJB<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on consideration of the Plaintiff's Motion for Appointment of an Attorney (Dkt. 21) and the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom (Dkt. 15). The Court has considered the relevant documents and the file herein.

This is a Civil Rights action, filed pursuant to 42 U.S.C. §1983. Dkt. 1. On July 30, 2007, Judge Strombom issued an Order to Show Cause, informing Plaintiff that his complaint failed to state a claim for which relief could be granted and gave Plaintiff ample opportunity to cure the deficiencies. Dkt. 9. Plaintiff filed to comply. On September 5, 2007, Judge Strombom recommended that the Court dismiss the action for failure to state a claim. Dkt. 15.

Plaintiff has filed several pleadings since the Report and Recommendation. Dkts. 16-21. None of the pleadings have cured the deficiencies identified by Judge Strombom. For example, on September 11, 2007, Plaintiff filed pleading entitled "In Forma Pauperis Application Checklist." Dkt. 16. The pleading makes statements like "Petition for Feloney, [sic] Criminal Inditments [sic] of Defendants Noted on VS-44" with no explanation or meaningful reference. *Id*. The pleading entitled "Order Adopting Report and Recommendation Objection" is the proposed order form submitted by Judge Strombom. Dkt. 19. Plaintiff has written "USC # S.§11 §§ 62 a Relef [sic] of Default of Detor [sic] Contest . . ." on this document. *Id*.

ORDER - 1

On September 12, 2007, Plaintiff filed a pleading entitled "Attorney Request Form." Dkt. 21. This pleading is a form, and by the line "Name of Attorney" Plaintiff has written "Public Defender." *Id.*

## *MOTION FOR APPOINTMENT OF COUNSEL*

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Plaintiff has failed to allege any facts to support a claim under 42 U.S.C. §1983. Plaintiff has not shown that he is likely to succeed on the merits. His motion for appointment of an attorney should be denied.

## *REPORT AND RECOMMENDATION*

To state a claim under 42 U.S.C. §1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied,* 478 U.S. 1020 (1986).

Plaintiff has failed to name a single person in this matter. He has not alleged that he has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States. Plaintiff has not complied with the Court's orders to cure his complaint. This case should be dismissed for failure to state a claim.

Additionally, this case is frivolous. A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984). Plaintiff has failed to allege even the most basic of facts required to state a claim under 28 U.S.C. §1983. When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint at any time, including before service of process under 28 U.S.C. § 1915A(b). *See Noll v. Carson,* 809 F.2d 1446 (9th Cir. 1987). Accordingly, the Report and Recommendation (Dkt. 15) should be adopted and this case should be dismissed for failure to state a claim upon which relief may be granted

ORDER - 2

and for being frivolous. Moreover, this case should count as a strike pursuant to 28 U.S.C. § 1915(g).

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Appoint Counsel (Dkt. 21) is **DENIED**;
- Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom (Dkt. 15) is **ADOPTED** and this matter is **DISMISSED WITH PREJUDICE**;
- This dismissal counts as a **STRIKE** pursuant to **28 U.S.C. § 1915(g)**;
- The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record, to any party appearing *pro se* at said party's last known address and to the Hon. Karen L. Strombom.

DATED this 2nd day of October, 2007.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER - 3